```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION
```

J & J SPORTS PRODUCTIONS, INC.,

      Plaintiff,

   v.

TAQUERIA JALISCO, INC. and JUAN CARLOS LOPEZ,

      Defendants.

CIVIL ACTION

NO. 1:10-CV-3882-CAP

**O R D E R**

This action is before the court on the plaintiff's motion for summary judgment [Doc. No. 37]. As a preliminary matter, the court notes that the defendants have failed to file a response to the plaintiff's statement of material facts as required by Local Rule 56.1(B)(2)(a). Pursuant to L.R. 56.1(B)(2)(a)(2), this failure carries serious consequences:

> This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in L.R. 56.1(B)(1).

See also BMU, Inc. v. Cumulus Media, Inc., 366 Fed. Appx. 47 (11th Cir. 2010) (affirming the grant of summary judgment against a non-movant who failed to file a response to a statement of undisputed facts).

Accordingly, the follow facts are deemed admitted by the defendants:

1. The plaintiff owns exclusive rights to *Oscar De La Hoya v. Manny Pacquiao – Welterweight Championship Fight Program*, which took place on December 6, 2008.

2. Taqueria Jalisco, Inc. displayed the program on December 6, 2008 at its Douglasville restaurant.

3. The defendants did not pay a commercial licensing fee to show the program.

4. The defendants received the program at issue through a satellite signal.

5. Lopez brought his Dish Network receiver from his home and used it to display the program in the restaurant.

6. Lopez paid the residential price for the program.

7. The program was showwn on two different televisions to the patrons of the restaurant.

## LEGAL DISCUSSION

**A.  Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes a court to enter summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law."  The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 156 (1970); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).  The moving party's burden is discharged merely by "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion.  Johnson, 74 F.3d at 1090.  Once the moving party has adequately supported its motion, the nonmovant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute.  Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In deciding a motion for summary judgment, it is not the court's function to decide issues of material fact but to decide only whether there is such an issue to be tried.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).  The applicable substantive law will identify those facts that are material.  Id. at 247.  Facts that in good faith are disputed, but which do not

resolve or affect the outcome of the case, will not preclude the entry of summary judgment as those facts are not material.  Id.

Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the nonmovant.  Id. In order for factual issues to be "genuine" they must have a real basis in the record.  Matsushita, 475 U.S. at 586.  When the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."  Id.

**B.  Plaintiff's Claims**

Pursuant to 47 U.S.C. § 605 it is unlawful to intercept and divulge radio communication.  Satellite transmissions are included in the term "radio."  National Football League v. Alley, Inc., 624 F.Supp. 6, 9 (S.D. Fla. 1983).  Here, it is undisputed that Lopez paid the residential price but provided Taqueria Jalisco the receiver to show the program to a commercial audience.  This conduct is a violation of 47 U.S.C. § 605.  See Kingvision Pay Per View, Ltd. v. Williams, 1 F.Supp.2d 1481, 1484 (S.D. Ga. 1998). Accordingly, the plaintiff is entitled to judgment as to liability against the defendants as to this claim.

**C.  Defendants' Counterclaim**

In their answer to the amended complaint, the defendants asserted a cause of action for fraud.  The basis of the counterclaim is that the plaintiff misrepresented the fact that it

4

is a California company with its principal place of business in California. The plaintiff has moved for summary judgment on this claim arguing that there is an absence of evidence to support it. Regardless of the fact that the allegations by the defendants fail to state a claim for relief, the plaintiff has pointed out an absence of evidence to support the allegations made by the defendants.

In response, the defendants adduce no evidence in support of their counterclaim. Instead, they mention alleged facts without citation to the record and draw legal conclusions. Pursuant to Local Rule 56.1(B) subsections(1) and (2), "The court will not consider any fact: . . . (d) set out only in the brief and not in the movant's statement of undisputed facts." The defendants neither filed a response to the plaintiff's statement of undisputed facts nor a statement of additional facts. Accordingly, the allegations regarding fraudulent activity by the plaintiff contained in the defendant's response to the motion for summary judgment has not been considered by the court.

Because there is no evidence to support to the defendants' counterclaim against the plaintiff, the plaintiff is entitled summary judgment on this claim.

## Conclusion

The plaintiff's motion for summary judgment [Doc. No. 37] is GRANTED.  The plaintiff is entitled to a judgment as to liability against the defendants for violation of 47 U.S.C. § 605.  The plaintiff is DIRECTED to submit its proof of damages via documentary evidence including affidavit or declaration within 20 days of the date of this order.  The defendants shall have 20 days from the date of the plaintiff's filing to respond.

The plaintiff has not sought judgment on its claim brought pursuant 47 U.S.C. § 553.  The plaintiff is DIRECTED to file a notice on the docket of its intention to pursue this cause of action through trial or to dismiss it.

Finally, the plaintiff is entitled to judgment as to the defendants' counterclaim.

SO ORDERED, this 30th day of December, 2011.


/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge